Joseph A. **ABEEL** and Charles L. Schrieber, Appellants,

v.

Julius **HEZLER**, Jr. and George C. Barnier, Appellees.

Patent Appeal No. 8910.

United States Court of Customs and Patent Appeals.

April 19, 1973.

Walter S. Zebrowski, Big Flats, N. Y., of record, for appellants.

Dean L. Ellis, of record, for appellees.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE, Judges, and ALMOND, Senior Judge.

BALDWIN, Judge.

This is an appeal from the decision of the Board of Patent Interferences awarding priority of invention as to counts 1 and 2 in interference No. 96,469, to Hezler et al. (Hezler). The counts correspond to claims of Hezler patent No. 3,214,213, issued October 26, 1965, on an application filed April 30, 1963. Abeel et al. (Abeel) copied the counts in application serial No. 388,350, filed August 5, 1964, which was accorded, through an intermediate parent application, the benefit of the May 31, 1962, filing date of grandparent application serial No. 199,118 ('118 application).

The invention relates to the structure of a vehicle body having a curved window opening and suitable window closure guides in combination with a cooperating flexible window pane. The pane, which may be flexible glass, is preformed to some predetermined degree of curvature differing from the curvature of the window opening and possibly from the curvature of the guides.

Count 1 reads (paragraphing ours):

In a vehicle body, the combination comprising,

means defining a curved window opening in said body,

guide means mounted on said body adjacent said opening and merging with said window opening defining means,

said guide means being adapted to guidingly restrain edges of a window closure and having a degree of curvature substantially differing from the degree of curvature of said opening,

and a window closure of resilient semirigid construction mounted for movement in said guide means between a retracted position within said body wherein edges of said closure are substantially wholly restrained within said guide means and an extended position wherein edges of said closure are substantially wholly without said guide means and otherwise substantially wholly unrestrained,

said closure being preformed into a degree of curvature substantially differing from both the degree of curvature of said window opening and of said guide means,

said closure upon movement to said extended position thereof being resiliently bendable from said preformed curvature into a degree of curvature conforming to that of said window defining means and upon movement to the retracted position thereof being resiliently bendable from said predetermined curvature into a degree of curvature conforming to that of said guide means.

Count 2 is similar, containing substantially the same limitation which we find decisive of the appeal as to count 1. That limitation, as well as an additional pertinent requirement in count 2 only, is described more fully hereinafter.

The sole issue is whether appellants' '118 application supports the counts [1] since appellants rely only on it for prior-

---

[1]. Appellees initially raised this issue through a motion to shift the burden of proof. Consideration of that motion, along with one questioning appellants' right to make in their involved applica-

tion, was deferred to final hearing because the Board of Appeals had rendered a decision touching on these matters, favorable to appellants. See Janeway v. Nystrom, 77 USPQ 229 (Com'r.Pats.1946).

ity, the intermediate and involved applications having been filed subsequent to appellees' filing date.

The form of invention in appellants' '118 application most pertinent to the issue is that shown as a "cross sectional elevation of a curved window assembly" in Fig. 9 thereof as follows:

The application states:

Fig. 9 illustrates flexible glass body assembly suitable as an omnibus side window, a station wagon type vehicle rear window or the like, wherein a window pane 90, consists of a flexible glass sheet which is either prebent, partially prebent or flat. Window tracks 92, disposed at opposite sides of said pane, engage the pane edge portions of pane 90 in the lowered position and form a desired path for said pane, which path may be oblique to the pane edges. As pane 90 is raised by suitable means, such as handle 94, the pane edges are engaged by window tracks 96 disposed within the roof portion 98 of the vehicle. Window tracks 96 may be formed to conform generally with the contour of said roof portion and form a path for said pane which is oblique to the pane edges. As pane 90 is raised, tracks 96 confine the pane edges causing the pane to follow the curved path, thereby bending said pane to substantially conform to the contour of said roof portion.

The board found, with the parties agreeing, that the count language is not ambiguous, and it held that the language

was thus entitled to "the broadest interpretation which it reasonably will support."

Considering the limitation in count 1 concerning the "degree of curvature" of the elements, the board stated:

* * * we feel that contrary to the implications Abeel seeks us to draw from his arguments, the "guide means" must be those within the roof of the vehicle body since the window closure is "substantially wholly restrained within said guide means" only in the body. Turning to Abeel's disclosure, it cannot accurately be said that the tracks 96 clearly have a "degree of curvature substantially differing from the degree of curvature" of the window opening.

The board next expressed the view that certain of the language of count 1 setting forth characteristics of the window closure was met by the '118 application. However, it pointed out that "count 1 (and count 2 as well[2]) explicitly requires that the 'window closure'" be:

mounted for *movement* in said guide means *between* a *retracted position* within said body wherein edges of said closure are substantially *wholly restrained* within guide means and an *extended position* wherein edges of said closure are substantially wholly *without* said guide means and *otherwise substantially wholly unrestrained.* [Emphasis by board.]

and count 1 (and count 2 as well) then *further* requires that

said closure upon movement to said extended position thereof

have the capability of bending as set forth in the language of the * * * lines of count 1 quoted above.

With respect to these requirements, the board then held:

We have found no basis in the overall disclosure of Abeel and he has failed to point out any disclosure

---

2. The pertinent language of count 2 is not precisely the same as that the board quoted from count 1 but is very similar.

clearly providing any basis for the concept defined in the above-quoted count language. There is nothing in Abeel's application indicating any such concept much less providing *clear* support for the count language defining it.

The board next turned its attention to limitations appearing only in count 2 and held:

Further, solely in the interest of completeness we hold that the language of count 2, "sealing abutment shoulder means mounted adjacent said window opening" considered in the overall context of the count language with the recitation that the

closure upon movement to said extended position thereof ("wholly without said guide channel means and otherwise substantially wholly unrestrained") being resiliently bendable . . . into engagement with said abutment should[er] means . . . (our insertions) finds no support in Abeel's disclosure; and particularly none in the structure adjacent to the handle 94 and in the cooperating spaced wall structure of the tail gate. * * *

Before us, appellants have filed a brief, including appendix, of 76 pages. Rather than limiting their argument to the '118 application, which they admit must support the counts if they are to prevail, appellants refer at some length to their other applications which include additional subject matter.[3]

Various different embodiments of automobile door and window assemblies illustrated in the application, along with a statement therein that "the window tracks may be either suitably grooved and shaped channels or shaped bars," are relied on as teaching that the channel-like tracks shown in the Fig. 9 structure, supra, be replaced by a *single* bar *on the inside* at each side of the opening to provide a condition where the edges of the pane are outside the guide means and unrestrained. While appellants' application does describe an embodiment using curved bars engaging only one side of the pane, that embodiment uses the bars to *constrain* the pane against its prestressed curvature when the window is open. Nowhere in the application is there even the remotest suggestion that appellants' preformed pane might be allowed to protrude *outside* of the window opening, unrestrained by any window *tracks*. Indeed, whether the window tracks be channels or bars the term "tracks" itself suggests some means which would conduct the pane into the shape of the window. It is thus clear that the modification of the Fig. 9 structure that appellants advance is not disclosed in the application.

We have thoroughly considered all of appellants' arguments that are even remotely related to the issue, but we find that appellants have failed to show any error in the board's decision or its reasons therefor. Accordingly, the decision is affirmed.

Affirmed.

3. Appellants identify their second or intermediate application as a continuation-in-part of '118 and the involved application a "continuation" of the second.